# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Demetrius Gilliam, on behalf of himself and others similarly situated, | ) ) ) CIVIL ACTION NO. ) |
| Plaintiff, | ) ) CLASS ACTION COMPLAINT ) |
| vs. | ) ) |
| Turning Point Solutions LLC, | ) JURY TRIAL DEMAND ) |
| Defendant. | ) |

## NATURE OF ACTION

1. This is a class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court under 28 U.S.C. §1391(b), as part of the acts and transactions giving rise to Demetrius Gilliam's ("Plaintiff") action occurred in this district, Plaintiff resides in this district, and Turning Point Solutions LLC ("Defendant") transacts business in this district.

1

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the State of Michigan, County of Macomb, and City of Roseville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

7. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant (the "Debt") arises from a transaction in which, upon information and belief, the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

8. Defendant is a New York limited liability company with its principal offices located at 3221 Southwestern Blvd., Suite 120, Orchard Park, NY 14217.  Defendant can be served through its registered agent, Sam Galbo, 2560 Walden Avenue, Suite 103, Cheektowaga, NY 14224.

9. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect the Debt from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

10. Upon information and belief, Defendant obtained the Debt when it was in default.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

13. In connection with the collection of the Debt, on or about September 12, 2014, Defendant placed a call to Plaintiff's telephone number, and at such time, left the following voice message:

> Demetrius, this is Jerome Bates calling with Turning Point Solutions in reference to this [unintelligible] group account here. Just need to touch base with you. Do need a return call here. (866) 380-1579. Your file number here is 812709. I do need to hear back from either yourself or your representing attorney by 3:00 pm eastern time today. Thank you and have a good day.

14. Upon information and belief, and also in the year 2014, Defendant left at least three to four other voicemail messages for Plaintiff, including at least one in June 2014, in connection with the collection of the Debt. These messages contained substantially similar content to the voicemail message described in paragraph 13.

3

15. Defendant's voicemail messages failed to notify Plaintiff that the communications were from a debt collector, that Defendant was calling to collect a debt, or that any information obtained would be used for that purpose.

16. As a result, Defendant failed to meaningfully disclose its identity to Plaintiff.

17. Further, by not stating that it was a debt collector calling to collect a debt, and by telling Plaintiff that he or his attorney needed to make a return phone call back to Defendant by 3:00 p.m. that same day, when, in fact, there was no legitimate basis for setting such a deadline, Defendant communicated with Plaintiff in a manner that conveyed to Plaintiff a false sense of urgency.

18. Upon information and belief, it is Defendant's practice to leave voicemail messages for consumers wherein it fails to meaningfully disclose its identity as required by the FDCPA, and to leave voicemail messages where it conveys a false sense of urgency to consumers.

## CLASS ALLEGATIONS

19. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of two Classes:

### The Disclosure Class

All persons (1) located in Michigan, (2) for whom Defendant left, or caused to be left, a voice message, (3) in connection with collection of a consumer debt, (4) within the year preceding this complaint, (5) where the caller failed to state that she/he was a debt collector and/or failed to state that she/he was calling to collect a debt and/or failed to state that any information obtained would be used for that purpose.

### The False Urgency Class

All persons (1) located in Michigan, (2) for whom Defendant left, or caused to be left, a voice message, (3) in connection with collection of a consumer debt, (4) within the year preceding this complaint, (5) where the caller failed to state that she/he was a debt collector and failed to state that she/he was calling to collect a debt and (6) where the caller stated that she/he needed a return telephone call that same day.

Excluded from the Classes are Defendant, the officers and directors of the Company, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

20. Upon information and belief, the proposed Classes are so numerous that joinder of all members is impracticable. The exact number of class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery. The proposed Classes are ascertainable in that the names and addresses of all members of the Classes can be identified in business records maintained by Defendant.

21. Plaintiff's claims are typical of the claims of the members of the Classes because Plaintiff and all claims of the members of the Classes originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff has suffered the same injuries as each member of the Classes. Plaintiff has retained counsel experienced and competent in class action litigation.

22. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Classes may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Classes to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

23. Issues of law and fact common to the members of the Classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Classes. Among the issues of law and fact common to the Classes are:

    a. Defendant's violations of the FDCPA as alleged herein;

    b. the existence of Defendant's identical conduct particular to the matters at issue;

c. the availability of statutory penalties; and

d. the availability of attorneys' fees and costs.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 23.

25. 15 U.S.C. §1692d(6) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*     \*     \*

(6) except as provided in 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

26. Defendant's voicemail messages failed to notify Plaintiff that the communication was from a debt collector, that Defendant was calling to collect a debt, or that any information obtained would be used for that purpose.

27. As such, Defendant violated 15 U.S.C. §1692d(6) by not providing meaningful disclosure of its identity.

7

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

28. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 23.

29. 15 U.S.C. §1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*     *     *

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

30. Staff Commentary to the FDCPA by the Federal Trade Commission states that "[i]t is a violation to send any communication that conveys to the consumer a false sense of urgency." 53 Fed. Reg. 50097-02 (1988).

31. Defendant failed to disclose to Plaintiff in its September 12, 2014 voicemail that it was a debt collector calling to collect a debt. In that same message, Defendant also advised Plaintiff that he or his attorney needed to make a return phone call back to Defendant by 3:00 p.m. that same day, when, in fact, there was no legitimate basis for setting such a

deadline. As a result, Defendant communicated with Plaintiff in a manner that conveyed to Plaintiff a false sense of urgency.

32. As such, Defendant violated 15 U.S.C. §1692e(10).

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(11)

33. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 – 23.

34. 15 U.S.C. §1692e(11) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*      \*      \*

(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

35. Defendant's voicemail messages failed to notify Plaintiff that the communication was from a debt collector, that Defendant was calling to collect a debt, or that any information obtained would be used for that purpose.

9

36. As such, Defendant violated 15 U.S.C. §1692e(11).

**WHEREFORE**, Plaintiff respectfully requests for relief and judgment, as follows:

    a. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

    b. Adjudging and declaring that Defendant violated 15 U.S.C. §1692d(6), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692e(11);

    c. Awarding Plaintiff and members of the Class statutory damages pursuant to 15 U.S.C. §1692k;

    d. Awarding Plaintiff and members of the Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. §1692k;

    e. Awarding Plaintiff and the Class any pre-judgment and post-judgment interest as may be allowed under the law; and

    f. Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

December 11, 2014.                    */s/ Michael L. Greenwald*
                                                         **MICHAEL L. GREENWALD**

GREENWALD DAVIDSON PLLC
5550 Glades Road, Suite 500
Boca Raton, FL 33431
Telephone: 561.826.5477
Fax: 561.961.5684
mgreenwald@mgjdlaw.com

Counsel for Plaintiff and the Proposed Class

**RONALD S. WEISS**
7035 Orchard Lake Road, Suite 600
West Bloomfield, MI  48322
RWeiss@MichiganLemonLaw.com
(248) 737-8000
(248) 737-8003 Fax

Co-Counsel for Plaintiff and the Proposed Class